UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ZEBRA STRATEGIES, INC.,                          :

                                                 :    ORDER
                Plaintiff,                            24 Civ. 04146 (DEH) (GWG)
                                                 :
        -v.-
                                                 :
ADA GONZALEZ-NAZARIO, et al.
                                                 :
                Defendants.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    The application in Docket # 82 does not comply with the requirements of paragraphs 1.E and 2.A of the Court's Individual Practices and is thus denied without prejudice.

    That being said, the Court notes for the parties' benefit that it will not decide in a vacuum what materials, if any, should be made subject to a protective order or what materials, if any, should be made available only to outside counsel and not to in-house counsel. See Sungjin Inc Co., Ltd. v. ITOCHU Intl. Inc., 2021 WL 979566, at *2 (S.D.N.Y. Mar. 16, 2021) ("Whether any documents are ultimately properly designated as confidential is best left to consideration of specific documents or categories of documents."). Instead, the Court will require that a confidentiality order be in place that allows parties to make designations of confidentiality at the time of document production, thereby enabling the opposing party (and if necessary the Court) to know precisely which materials are being proposed for protection. See Decarlo v. Archie Comic Publications, Inc., 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000) (confidentiality orders "minimize the involvement of the Court and the parties in unproductive and time consuming disputes about the existence of good cause for protecting individual documents and avoid the litigation of such questions in the abstract").

    As a result, the parties should attempt to agree on a confidentiality order in the next several days. Such an order should have three levels of potential protection: Confidential (to be seen only by parties and all attorneys), Attorneys Only (available to both in-house and outside counsel), and Outside Counsel Only. The entry of the confidentiality order will be without prejudice as to any arguments defendants may wish to make in the future regarding any designation by plaintiff. If defendants disagree with a designation made by plaintiff as to any level of protection, the disagreement may be presented to the Court by defendants in accordance with paragraph 2.A of the Court's Individual Practices.

    Accordingly, the parties shall file on ECF on or before December 17, 2024, either an agreed-upon confidentiality order or separate proposals. The Court is prepared to issue a confidentiality order on its own if the parties cannot agree on one. See Sungjin Inc Co., Ltd, 2021 WL 979566, at *2 (confidentiality order issued notwithstanding a party's lack of consent).

     As to any request for an extension, any such application shall be filed by December 17, 2024, as well, and must comply with paragraph 1.E of the Court's Individual Practices, including the requirement that any request for an extension contain a "new proposed date for each affected deadline." If not all the parties consent to the request, the application must also comply with paragraph 2.A of the Court's Individual Practices.

     SO ORDERED.

Dated: New York, New York
       December 10, 2024

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge