UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEBRA STRATEGIES, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>ADA GONZALEZ-NAZARIO, SEAN GOODMAN,<br>SAGO INC., ACCURATE MARKET RESEARCH,<br>JOHN AND JANE DOES 1-10,<br>and ABC CORPORATIONS 1-10.<br><br>   Defendants. | Case No. 1:24-cv-04146 (GWG)<br><br>**CONFIDENTIALITY<br>ORDER** |

It is hereby ORDERED as follows:

### Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "Attorneys' Eyes Only," or "Outside Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### Qualified Persons

"Qualified Persons" means:

**A. For Outside Attorneys' Eyes-Only Information**

  i. retained counsel for the parties in this matter and their respective staff who are not employed by any party;

  ii. Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this matter (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of

1

      Classified Information to such person, have signed a non-disclosure agreement in the form attached hereto as Exhibit A (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

   iii. vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

   iv. the Court, court personnel, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this matter.

**B.** **For Attorneys' Eyes-Only information**:

   i. The persons identified in the above paragraph A.

   ii. Attorneys who are employed by a party to this case and who are actively involved in the prosecution or defense of this case (commonly referred to as "in-house counsel")

**C.** **For Confidential information**:

   i. the persons identified in the above paragraphs A and B;

   ii. the party, if a natural person;

   iii. if the party is an entity, such officers, employees, or former employees of the party who are actively involved in the prosecution or defense of this case;

   iv. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

   v. Such other person as the Court may designate after notice and an opportunity to be heard.

**Designation Criteria**

    A.    **Non-Classified Information**: Classified Information shall not include information that either:

        i.    is in the public domain at the time of disclosure, as evidenced by a written document;

        ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

        iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    B.    **Classified Information**: A party shall designate as Classified Information only such information that the party in good faith believes in fact is properly subject to a protective order under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

    C.    **Designations**.    -

Designations must be made in the least restrictive manner possible. Thus, the designations "Confidential," "Attorneys' Eyes Only," and "Outside Attorneys' Eyes Only" may be made only for material that a party in good faith believes must be restricted to the particular group of Qualified Persons as defined above where the limitation can be justified pursuant to Fed. R. Civ. P. 26(c)(1)(G). If a designation is challenged, the designating party must reconsider its prior position knowing that it will be required to demonstrate to the Court that disclosure to any person beyond the group permitted by the chosen designation would result in a <u>clearly defined, specific, and serious injury</u>.

### Marking of Documents

Documents provided in this matter may be designated by the producing person or by any party as Classified Information indicating that the information is "Confidential," "Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only" by (a) marking each page of the documents so designated with an appropriate stamp or (b) otherwise marking the document or electronic information with the appropriate stamp.

### Disclosure at Depositions

With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only or Outside Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the certified deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only or Outside Attorneys' Eyes Only, which period may be extended by agreement of the parties ("Deposition Designation Period"). During the period until the end of the Deposition Designation Period, all information disclosed in deposition testimony shall presumptively be deemed Confidential, and all deposition transcripts shall be treated as Outside Attorneys' Eyes Only. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only or Outside Attorneys' Eyes Only," all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Confidentiality Order.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Confidentiality Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**Disclosure to Qualified Persons**

A.     **To Whom**: Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of the Court or a Court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.

B.     **Retention of Copies During this Matter**: Copies of Attorneys' Eyes-Only information shall be maintained only in the offices of counsel for the receiving party and, to the extent supplied to experts described above under "Qualified Persons," in the offices of those experts. Copies of Outside Attorneys' Eyes-Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described above under "Qualified Persons," in the offices of those experts.  Any documents produced in this matter, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Persons and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this matter.

**Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified information, the party shall immediately, upon learning of such disclosure, inform the producing party of all

pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Outside Attorneys' Eyes-Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," or "Outside Attorneys' Eyes Only" or Attorneys' Eyes Only" by the producing party as the case may be.

### Consent to Disclosure and Use in Examination

Nothing in this Confidentiality Order shall prevent disclosure beyond the terms of this Order if each party designating the information as Classified Information consents to such disclosure or if the Court orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### Challenging the Designation

A.   **Classified Information**: Any party may challenge a designation at any time.  In the event that any party to this matter disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may invoke this Confidentiality Order by objecting in writing to the party who designated the document or information as Classified Information. That objection must inform the designating party that the designating party has 14 days to apply the Court for an order preserving the designated status of the disputed information. If an application is made within the 14 day period, the

6

disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to make a timely application for an order shall constitute a termination of the status of such item as Classified Information.

**B.** **Qualified Persons**: In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to apply to the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of clearly defined, specific and serious injury. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

## Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this matter, the party shall do one of the following: (1) where appropriate (e.g., in connection with discovery and evidentiary motions) seek permission from the Court to provide the information solely for *in camera* review; or (2) file such information under seal with the Court consistent with the sealing requirements of the Court.

### Return of Documents

Not later than 120 days after conclusion of this matter and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any Qualified Persons (except subparagraph A. iv of that section) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### Ongoing Obligations

Insofar as the provisions of this Confidentiality Order, or any other Confidentiality Orders entered in this matter, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this matter, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court or court of competent jurisdiction with respect to dissolution or modification of this, or any other, Confidentiality Order.

### Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this matter from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client,

8

the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Confidentiality Order.

### Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Confidentiality Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Confidentiality Order.

### Objections

This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

### Waiver

Pursuant to Federal Rule of Evidence 502(d), the attorney-client privilege, attorney work product protection, or any other applicable protection from discovery is not waived by any disclosure connected with this matter, including any inadvertent disclosure.

### Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Confidentiality Order.

It is SO ORDERED this 18th day of December 2024

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

9

## EXHIBIT A

| | |
|---|---|
| ZEBRA STRATEGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> ADA GONZALEZ-NAZARIO, SEAN GOODMAN, SAGO INC., ACCURATE MARKET RESEARCH, JOHN AND JANE DOES 1-10, and ABC CORPORATIONS 1-10. <br><br> Defendants. | Case No. 1:24-cv-04146 (GWG) |

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____ state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential material, Attorneys' Eyes Only material, and/or Outside Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential material or Attorneys' Eyes Only or Outside Attorneys' Eyes Only material disclosed to me.

    6.    I will limit use of Confidential material, Attorneys' Eyes Only material and/or Outside Attorneys' Eyes Only material disclosed to me solely for purpose of this action and any additional actions the Court permits Confidential materials to be used in the prosecution or defense of.

    7.    No later than the final conclusion of the case, I will return all Confidential material, Attorneys' Eyes Only material, Outside Attorneys' Eyes Only and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared

relating thereto, to counsel for the party which provided the information to me.

 I declare under penalty of perjury pursuant to 28 U.S.C. § 1748 that the foregoing is true and correct.

Dated:

                  _____
                      [Signature]