UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZEBRA STRATEGIES, INC.,                          :

                                                  :      MEMORANDUM ORDER
                 Plaintiff,                  24 Civ. 04146 (GWG)
                                                  :

     -v.-

                                                  :
ADA GONZALEZ-NAZARIO,
SEAN GOODMAN, SAGO INC.,               :
ACCURATE MARKET RESEARCH,
JOHN AND JANE DOES 1-10,                :
and ABC CORPORATIONS 1-10,

                                                   :

               Defendants.             :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

       Plaintiff Zebra Strategies, Inc. ("Zebra") has filed a motion to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Docket # 97. The remaining defendants — Ada Gonzalez-Nazario, Sago Inc. ("SAGO"), and Sean Goodman — have filed opposition papers, Docket ## 98, 99, 100, 105, to which plaintiff has replied, Docket ## 106, 107, 108.

       Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In considering a request of the kind made here, a court considers the following factors — known as the "Zagano factors" after the case of Zagano v. Fordham University, 900 F.2d 12 (2d Cir. 1990):

> 1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (citations omitted).[1] Zebra seeks dismissal solely to add the defendants in this case as third-party defendants in another case currently pending against it in this district (Gross et al v. Zebra Strategies, Inc., 24 Civ. 8483). See # 97 at 3. Zebra argues that dismissal is appropriate "because the case is in its early stages, and Defendants will not suffer undue prejudice." Id. We disagree.

At least four of the five Zagano factors counsel against dismissal without prejudice. First, plaintiff did not make this motion until after the parties litigated a motion to dismiss, see Docket # 92, and just days before the end of fact discovery, see Docket # 91. While plaintiff asserts that the motion was prompted by the fact that it was sued in another case, the plaintiff was served in that case on November 11, 2024, see Docket # 6 in 24 Civ. 8483 (S.D.N.Y.), and took no action to dismiss this case until more than three months later. Thus, plaintiff did not proceed with diligence in bringing the present motion.

Second, and more importantly, the instant lawsuit has progressed substantially. Two of the defendants filed motions to dismiss the complaint, which has now been decided, and all have engaged — or have attempted to engage — in the discovery process. See # 98 at 5-7; # 100 at 2; # 105 at 3. Of even greater significance is the fact that the deadline to complete fact discovery expired almost a month ago, on March 2, 2025. See # 91. The deadline to disclose expert evidence expired even earlier, on February 6, 2025, id., without any party having made such a

---

[1] Camilli identifies another test to be applied to requests for dismissal that looks to whether "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 436 F.3d at 123. However, that test applies only where "no possibility of relitigation at the instance solely of the plaintiff exists." Id. at 123. Here, plaintiff seeks to dismiss this case without prejudice. Thus, there is a possibility of relitigation at the instance solely of the plaintiff. Accordingly, we examine only the Zagano factors.

2

disclosure.² Thus, both fact and expert discovery have concluded and all that remains to be done in this case, other than trial, is to adjudicate any motion for summary judgment.

Third, it would be unnecessarily expensive — and extremely unfair — for the defendants here to have to duplicate the discovery process in a separate litigation. Doing so would give plaintiff a second bite at the apple, completely upending the parties' expectations as to their obligations regarding the plaintiff's claims against them.

Fourth, the plaintiff has offered no persuasive justification for seeking to relitigate this matter. As noted, plaintiff could have brought the existence of the other lawsuit to the Court's attention months ago — before the discovery process was concluded and before the Court was asked to adjudicate the motions to dismiss. Finally, plaintiff has presented no compelling reason why it would be inefficient to adjudicate the liability of the defendants for their conduct in the instant lawsuit rather than repeating the process in a new lawsuit.

Accordingly, the motion to dismiss the case without prejudice is denied. As a result, we do not rule on defendants Gonzalez-Nazario's and SAGO's requests for fees under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836-1839. See # 98 at 18; # 105 at 8. Any application for fees under that statute may be made only if a defendant is determined to be a prevailing party and otherwise meets the requirements of 18 U.S.C. § 1836(b)(3)(D).

With respect to Goodman's request for fees, see # 100 at 4, the Court directs that any application for fees await the entry of judgment in this case so that all such applications are heard at the same time. The deadline for fee applications will be 14 days after the entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(i).

---

² We assume there were no expert disclosures because no party mentioned them in their briefing.

We also deny Gonzalez-Nazario's request to dismiss this action under Fed. R. Civ. P. 41(a)(2) with prejudice. See # 98 at 8. Case law makes clear that where a plaintiff moving to dismiss a case <u>without</u> prejudice objects to a proposed dismissal <u>with</u> prejudice, a district court cannot force a with prejudice dismissal on the plaintiff. <u>Gravatt v. Columbia University</u>, 845 F.2d 54, 56 (2d Cir. 1988) ("fundamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff an opportunity to withdraw his motion [to dismiss without prejudice] and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice"). Here, plaintiff objects to such a dismissal, <u>see</u> # 106 at 3, # 107 at 4, and thus the case must be allowed to proceed.

Finally, because there is no dismissal under Fed. R. Civ. P. 41(a)(2) at this time, none of the defendants is entitled to fees under case law interpreting Fed. R. Civ. P. 41(a)(2).

<u>Conclusion</u>

For the foregoing reasons, plaintiff's motion to dismiss this case without prejudice (Docket # 97) is denied. Defendants' requests for relief are also denied.

SO ORDERED.

Dated: April 1, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

4